1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  SCOTT M. PEARSON (State Bar No. 173880)
   A.R. KACHADOORIAN (State Bar No. 240601)
3  2029 Century Park East
4  Los Angeles, California  90067-3086
   Telephone: 310-556-5800
5  Facsimile:  310-556-5959
   E-Mail: lacalendar@stroock.com
6
7  Attorneys for Defendants
     DISCOVER FINANCIAL SERVICES
8    and DISCOVER BANK

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  DEVAVANI CONROY, Individually and On Behalf of All Others Similarly Situated, | ) Case No. 2:10-cv-05260-MMM-E |
| 14 | ) [Assigned to the Hon. Margaret M. Morrow] |
| 15           Plaintiff, | ) CLASS ACTION |
| 16           vs. | ) **NOTICE OF MOTION AND MOTION TO STAY CASE BASED ON PRIOR PENDING ACTION** |
| 17  DISCOVER FINANCIAL SERVICES; DISCOVER BANK, | |
| 18           Defendants. | ) Hearing: |
| 19 | ) Date:  November 22, 2010 |
| 20 | ) Time:  10:00 a.m. Ctrm.: 780 |
| 21 | ) [[Proposed] Order filed and Request for Judicial Notice lodged concurrently] |
| 22 | |

LA 51308444

1  **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**
2  **RECORD HEREIN:**

3  **PLEASE TAKE NOTICE** that on November 22, 2010, at 10:00 a.m., or as
4  soon thereafter as this matter may be heard before the Honorable Margaret M.
5  Morrow of the above-entitled court located at the Roybal Federal Building, 255 East
6  Temple Street, Los Angeles, California 90012, Courtroom 780, defendants Discover
7  Financial Services and Discover Bank (together, "Discover"), will and hereby do
8  move this Court for an Order staying this action in deference to an earlier-filed action
9  currently pending in the Northern District of California, Walker, et al. v. Discover
10 Financial Services, Inc., et al., No. 3:10-cv-03013-SI (N.D. Cal.).  This Motion is
11 made on the grounds that:  (A) Walker is chronologically the first-filed of the two
12 actions, and is the continuation of two even earlier-filed actions; (B) both this action
13 and Walker share similar parties in that the alleged classes overlap; and (C) both
14 share similar issues regarding the same optional debt deferral/cancellation benefit
15 offered by Discover to its credit card holders, and challenge Discover's sales,
16 marketing, billing, enrollment and disclosure of the benefit's pricing and terms and
17 conditions.

18  This Motion is and will be based upon this Notice of Motion and Motion, the
19 Memorandum of Points and Authorities, the pleadings and papers on file herein, all
20 other matters of which the Court may take judicial notice and upon such other or
21 further material as may be presented at or before the hearing of this matter.

22
23
24
25
26
27
28

LA 51308444

| | |
|---|---|
| 1 | This Motion is filed following the conference of counsel, which occurred on |
| 2 | August 17, 2010. |

Dated:  September 20, 2010

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
SCOTT M. PEARSON
ALEXANDRIA KACHADOORIAN


By:  ___*/s/ Scott M. Pearson*___
         Scott M. Pearson

Attorneys for Defendants
  DISCOVER FINANCIAL SERVICES
  and DISCOVER BANK

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51308444

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 1

    A. Walker ..................................................................................................... 1

    B. Conroy ..................................................................................................... 2

    C. Facts Supporting A Stay ......................................................................... 3

III. ARGUMENT ....................................................................................................... 4

    A. The Chronology Supports A Stay. ......................................................... 5

    B. The Similarity Of Parties Supports A Stay. ........................................... 6

    C. The Similarity Of Issues Supports A Stay. ............................................ 8

IV. CONCLUSION ................................................................................................... 9

LA 51308444

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Adoma v. Univ. of Phoenix, Inc.,
   ___ F. Supp. 2d ___, 2010 WL 1797263 (E.D. Cal. May 3, 2010) ...................... 8

Alltrade, Inc. v. Uniweld Products, Inc.,
   946 F.2d 622 (9th Cir. 1991) ............................................................... 4, 5, 7

Barapind v. Reno,
   72 F. Supp. 2d 1132 (E.D. Cal. 1999) ............................................................. 7

British Telecomm plc v. McDonnell Douglas Corp.,
   No. C-93-0677 MHP, 1993 WL 149860 (N.D. Cal. May 3, 1993) ...................... 7

Callaway Golf Co. v. Corporate Trade Inc.,
   No. 09cv384 L (POR), 2010 WL 743829 (N.D. Cal. Mar. 1, 2010) ................... 5

Dumas v. Major League Baseball Props., Inc.,
   52 F. Supp. 2d 1183 (S.D. Cal. 1999) ............................................................ 6

Fleet Capital Corp. v. Mullins,
   No. 03 Civ. 6660 (RJH) (KNF), 2004 WL 548240 (S.D.N.Y. Mar. 18,
   2004) .............................................................................................................. 5

Fuller v. Abercrombie & Fitch Stores, Inc.,
   370 F. Supp. 2d 686 (E.D. Tenn. 2005) .......................................................... 7

Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.,
   179 F.R.D. 264 (C.D. Cal. 1998) ................................................................ 5, 6

Inherent.com v. Martindale-Hubbell,
   420 F. Supp. 2d 1093 (N.D. Cal. 2006) ....................................................... 6, 8

Jumapao v. Washington Mut. Bank,
   No. 06-CV-2285, 2007 WL 4258636 (S.D. Cal. Nov. 30, 2007) ....................... 8

Lovell v. United Airlines, Inc.,
   __ F. Supp. 2d __, 2010 WL 2944881 (D. Haw. Jul. 26, 2010) .................... 6, 7

Manuel v. Convergys Corp.,
   430 F.3d 1132 (11th Cir. 2005) ...................................................................... 4

LA 51308444

Meru Networks, Inc. v. Extricom Ltd.,
  No. C-10-02021 RMW, 2010 WL 3464315 (N.D. Cal. Aug. 31, 2010) .............. 6

Nw. Airlines, Inc. v. Am. Airlines, Inc.,
  989 F. 2d 1002 (8th Cir. 1993) ................................................................. 5

Pacesetter Systems, Inc. v. Medtronic, Inc.,
  678 F.2d 93 (9th Cir. 1982) ..................................................................... 5

Peak v. Green Tree Fin. Servicing Corp.,
  No. C 00-0953 SC, 2000 WL 973685 (N.D. Cal. Jul. 7, 2000) ........................ 8

Ross v. US Bank Nat'l Ass'n,
  542 F. Supp. 2d 1014 (N.D. Cal. 2008) ................................................. 4, 7

Semmes Motors, Inc. v. Ford Motor Co.,
  429 F. 2d 1197 (2d Cir. 1970) ................................................................. 5

St. Helena Wine Co., Inc. v. Allied Mgmt., Inc.,
  No. C98-1683 MJJ, 1998 WL 480190 (N.D. Cal. Aug. 10, 1998) ..................... 7

Ward v. Follet Corp.,
  158 F.R.D. 645 (N.D. Cal. 1994) .......................................................... 6, 8

Weinstein v. Metlife, Inc.,
  No. 3:06-cv-04444-SI, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) ................. 7

West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,
  751 F.2d 721 (5th Cir. 1985) .............................................................. 6, 7

**OTHER AUTHORITIES**

Cal. Jur. 3d, Actions § 284 (2006) ................................................................. 7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## I. INTRODUCTION

This action should be stayed under principles of federal comity embodied in the first-to-file rule. The criteria for a stay are easily satisfied here: (A) <u>Walker</u> is chronologically the first-filed of the two actions, and is the continuation of two even earlier actions; (B) this action and <u>Walker</u> share similar parties in that the alleged classes (nationwide in <u>Walker</u>, California-only in this action) overlap; and (C) both share similar issues in that both challenge the same debt deferral/cancellation benefit offered by Discover to its credit card holders, and challenge Discover's sales, marketing, billing, enrollment and disclosure of the benefit's pricing and terms and conditions. Accordingly, the Court should stay this action pending the conclusion of <u>Walker</u>.

## II. BACKGROUND

### A. <u>Walker</u>

<u>Walker</u> was filed in the Northern District of California on July 8, 2010. See Request for Judicial Notice ("RJN"), Ex. A. A First Amended Complaint was filed August 23, 2010, adding three new plaintiffs and two new claims (the "Complaint"). <u>Id</u>., Ex. B.[1] As noted below, <u>Walker</u> is the continuation of actions first filed beginning in January 2010. The eleven <u>Walker</u> plaintiffs allege that: (A) they received marketing materials and/or telemarketing calls inviting them to enroll in Discover Bank's Payment Protection product ("DPP"); (B) they supposedly were enrolled without their consent; (C) sales agents allegedly misrepresented that they would receive only promotional materials; and (D) plaintiffs improperly were charged an amount equal to .89/100 multiplied by their account balance each month rather than 89 cents for each full $100 of their account balance. <u>Walker</u> Complaint,

---

[1] Discover filed a motion to transfer venue to the Northern District of Illinois, or, in the alternative, the District of Delaware, on August 17, 2010 (the "Transfer Motion"). RJN, Ex. C. On September 7, 2010, Discover filed a notice renewing its Transfer Motion in response to the recently amended Complaint, and defendant Morgan Stanley filed a motion to dismiss. <u>Id</u>., Exs. D & E.

-1-

LA 51308444

¶¶ 4-126, 159-164, 169-170, 182-186, 199-202.  Based on these allegations, plaintiffs purport to allege claims for:  common law fraud; violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. (the "UCL"); violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq. (the "FAL"); violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1784 (the "CLRA"); unjust enrichment; violation of the federal Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"); declaratory relief; and violation of the consumer protection statutes of the 49 other states and the District of Columbia.  See id., ¶¶ 158-252.

Walker seeks to certify a nationwide class, which would substantially overlap with the California class asserted here.  Id., ¶ 148.  Walker also is considerably more advanced than this action.  Plaintiffs who combined to file Walker originally filed actions in the Southern District of Illinois on January 21, 2010 (Kelmer v. DFS Services LLC, et al., Case No. 3:10-50-GPM), and in the District of New Jersey on April 26, 2010 (Ackerman v. Discover Financial Services, Inc., et al., Case No. 3:10-cv-02118-JAP–LHG).  RJN, Exs. F & G.  On June 17, 2010, Discover moved to compel arbitration in Kelmer; that motion was pending when Kelmer was voluntarily dismissed on August 3, 2010.  RJN, Ex. F.

### B. Conroy

This action was filed July 16, 2010, a week after Walker, seven months after Kelmer and nearly three months after Ackerman.  Conroy alleges that she was enrolled in DPP as of November 2009, and sought to activate but was denied job loss benefits in April 2010.  Conroy Complaint, ¶¶ 50-52.  Conroy claims that she was not advised of terms and conditions restricting benefits eligibility, including that a cardholder be employed at the time of enrollment in order to activate job loss benefits and satisfy certain requirements for proof of unemployment.  Id.

LA 51308444

Conroy seeks to certify a California class under California law. Id., ¶¶ 60-91. She alleges claims for: violation of the UCL; violation of the CLRA; and unjust enrichment. Id., ¶¶ 62-92.

### C. Facts Supporting A Stay

The actions allege overlapping classes. Walker's putative nationwide class consists of:

> All United States Citizens (including persons and business entities) that were enrolled in the Plan without their consent during the longest period permitted by the applicable statutes of limitations.
> and/or
> All persons in the United States who are/were Members of the Plan, and were charged a fee higher than the advertised amount.

Walker Complaint, ¶ 148. Conroy's putative California-only class consists of:

> California citizens and consumers who (1) were marketed by Discover to purchase and maintain "Payment Protection" coverage of their credit card account balances and (2) paid for Discover "Payment Protection" coverage.

Conroy Complaint, ¶ 61. Conroy's broad class definition, read in conjunction with the claims alleged, broadly intersects with the Walker class.

Moreover, the facts alleged in the actions are substantially the same. Both actions allege misrepresentations and omissions in connection with the marketing and sale of DPP. Compare Conroy Complaint, ¶¶ 3-5, 8-10, 19, 20, 22-37, 40, 42, 57, 65-69, 71, 80-83, 87, 88, with Walker Complaint, ¶¶ 4-13, 15, 151, 158-164, 169-174, 182-187, 198-100, 215-219, 247-250. Both actions allege that Discover failed to adequately disclose DPP pricing. Compare Conroy Complaint, ¶¶ 2, 20, 21, 43, 44, 47, 49, with Walker Complaint, ¶¶ 5, 17-24, 151, 184, 185, 199, 200, 216, 217. Walker asserts a direct TILA claim, but both actions allege TILA violations as

LA 51308444

a predicate for their UCL claims and assert that questions common to the class include whether Discover violated TILA. <u>Compare</u> <u>Conroy</u> Complaint, ¶¶ 20, 57, 65, <u>with</u> <u>Walker</u> Complaint, ¶¶ 25-29, 151, 175, 235-241. Both actions allege that cardmembers are marketed DPP through, among other avenues, telemarketing calls, and enrolled without the cardmember's authorization. <u>Compare</u> <u>Conroy</u> Complaint, ¶¶ 4, 22, 50, <u>with</u> <u>Walker</u> Complaint, ¶¶ 9-14, 151. Moreover, both Complaints share strikingly similar questions allegedly common to the proposed classes. <u>Compare</u> <u>Conroy</u> Complaint, ¶ 57 (whether Discover's practices violate the CLRA and UCL; whether DPP's disclosures violate TILA; and whether DPP's sales, billing, and marketing is a deceptive and fraudulent scheme involving misrepresentations and omissions regarding terms and conditions), <u>with</u> <u>Walker</u> Complaint, ¶ 151 (whether Discover unilaterally enrolled cardmembers without their consent; whether Discover misrepresented and omitted terms and conditions of DPP; whether DPP's pricing disclosures violate TILA; and whether Discover's practices violate the CLRA and UCL.)

## III. ARGUMENT

Under principles of federal comity embodied in the first-to-file rule, a "district court may transfer, stay or dismiss an action when a federal action with similar parties and issues has been filed in another district court" to "avoid duplicative litigation" and "promote judicial efficiency." <u>Ross v. US Bank Nat'l Ass'n</u>, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citations omitted); <u>Manuel v. Convergys Corp.</u>, 430 F.3d 1132, 1135 (11th Cir. 2005) (stating that "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule"); <u>Alltrade, Inc. v. Uniweld Products, Inc.</u>, 946 F.2d 622, 625 (9th Cir. 1991) (stating that the first-to-file rule "'serves the purpose of promoting efficiency well and should not be disregarded lightly'") (citation omitted). "The purposes behind this rule are to avoid duplication of judicial effort, to avoid vexatious litigation in multiple forums, to achieve comprehensive disposition of

-4-

litigation among parties over related issues, and to eliminate the risk of inconsistent judgments." Fleet Capital Corp. v. Mullins, No. 03 Civ. 6660 (RJH) (KNF), 2004 WL 548240, at *4 (S.D.N.Y. Mar. 18, 2004).

The rule "may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.'" Alltrade, 946 F.2d at 625 (quoting Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982)). "If the first-to-file rule does apply to a suit, the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case." Callaway Golf Co. v. Corporate Trade Inc., No. 09cv384 L (POR), 2010 WL 743829, at *3 (N.D. Cal. Mar. 1, 2010) (citing Alltrade, 946 F.2d at 622); Semmes Motors, Inc. v. Ford Motor Co., 429 F. 2d 1197, 1202 (2d Cir. 1970) (reasoning that court could "see no reason why the end result should be different when the party seeking to preserve the primacy of the first court moves the second court to stay its hand rather than asking the first court to enjoin prosecution of the second case."); Alltrade, 946 F.2d at 624, 625, 629 (holding that district court presiding over second filed action properly applied first-to-file rule but ordering stay rather than dismissal of second suit); Pacesetter, 678 F.2d at 94-96 (affirming dismissal of second-filed action where motion to dismiss brought in second court).

Under the first-to-file rule, if three factors are satisfied, a court may transfer, stay or dismiss the later-filed action: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." Alltrade, 946 F.2d at 622, 625-26; see also Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal. 1998) (same). These factors are easily satisfied here.

### A. The Chronology Supports A Stay.

Actions filed earlier in time take priority over later-filed actions. Alltrade, 946 F.2d at 624 (ordering stay where second action filed one day after first); Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F. 2d 1002, 1006 (8th Cir. 1993) (stating that

-5-

the rule "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction"); Meru Networks, Inc. v. Extricom Ltd., No. C-10-02021 RMW, 2010 WL 3464315, at *2 (N.D. Cal. Aug. 31, 2010) ("It is undisputed that the Delaware Action was filed first, albeit only by a few hours."); Ward v. Follet Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994) (stating that chronology is measured from "the date upon which the party filed its original, rather than its amended complaint").

     Here, the grounds for a stay are particularly strong. Conroy is later-filed and less procedurally advanced than Walker and the actions from which Walker derives. Walker predates Conroy not simply because of its week-earlier filing date, but because it is the continuation of two much earlier actions, Kelmer and Ackerman. Indeed, the litigation culminating in Walker was commenced on January 21, 2010, with Kelmer's filing. Walker, Kelmer and Ackerman share the same representative plaintiffs, claims and factual allegations. A motion to compel arbitration discussing facts and documents in connection with DPP, the Discover card agreement and three of the Walker plaintiffs' accounts was filed in Kelmer before its dismissal by plaintiffs. Furthermore, the Transfer Motion is pending in Walker. The filing dates alone justify applying the first-to-file rule, and the actions' comparative development further supports its application here.

### B.    The Similarity Of Parties Supports A Stay.

     The first-to-file rule does not require strict identity of the parties, only substantial similarity. Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); Lovell v. United Airlines, Inc., __ F. Supp. 2d __, 2010 WL 2944881, at *4 (D. Haw. Jul. 26, 2010); Guthy-Renker Fitness, 179 F.R.D. at 270 (considering the "similarity of the parties"); Dumas v. Major League Baseball Props., Inc., 52 F. Supp. 2d 1183, 1189 (S.D. Cal. 1999), vacated on other grounds by, 104 F. Supp. 2d 1224 (S.D. Cal. June 21, 2000), aff'd, 300 F.3d 1083 (9th Cir. 2002) (reasoning that cases need only have "substantial overlap") (citing West Gulf

-6-

LA 51308444

1   Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985));
2   British Telecomm plc v. McDonnell Douglas Corp., No. C-93-0677 MHP, 1993 WL
3   149860, at *4, (N.D. Cal. May 3, 1993) ("Based on the facts of Alltrade, the case
4   does not stand for a blanket rule that there must be strict identity of parties for the
5   first-to-file rule to apply."); St. Helena Wine Co., Inc. v. Allied Mgmt., Inc., No.
6   C98-1683 MJJ, 1998 WL 480190, at *2 (N.D. Cal. Aug. 10, 1998) (finding rule
7   applied though party named in second action was not named in first).

8       "In a class action, the classes, and not the class representatives, are compared."
9   Ross, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citing Cal. Jur. 3d, Actions §
10  284); accord Weinstein v. Metlife, Inc., No. 3:06-cv-04444-SI, 2006 WL 3201045, at
11  *15 (N.D. Cal. Nov. 6, 2006); Lovell, 2010 WL 2944881, at *8; Fuller v.
12  Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 689 (E.D. Tenn. 2005)
13  (finding substantial overlap where "both actions seek certification of the same
14  collective class" though named plaintiffs differed); Barapind v. Reno, 72 F. Supp. 2d
15  1132, 1145 (E.D. Cal. 1999) ("If the parties 'represent the same interests' the court
16  may determine the second action is duplicative.") (citation omitted).

17      Here, Conroy and Walker allege substantially interlocking classes seeking to
18  determine substantially identical claims. A nationwide class certified in Walker
19  would encompass members of Conroy's putative California class who sustained
20  harm alleged in Walker, and review of the Complaints confirms that the Conroy and
21  Walker plaintiffs seek to represent the same interests. A California cardmember who
22  enrolled in DPP either without his or her consent or was billed more for DPP than
23  was advertised or represented is a member of the putative Walker class. There likely
24  is even greater overlap because the Walker and Conroy Complaints allege parallel
25  claims based on parallel allegations and questions of fact common to each putative
26  class (deceptive pricing, deceptive marketing, unauthorized enrollment,
27  misrepresentations and omissions regarding DPP terms and conditions). Moreover,
28  two defendants are parties to both Walker and Conroy. Compare Conroy Complaint,

-7-

LA 51308444

1  ¶¶ 16, 17, 57, with Walker Complaint, ¶¶ 144, 145, 151.  While Walker includes two
2  additional defendants (DFS Services LLC and Morgan Stanley), DFS Services LLC
3  is a wholly-owned subsidiary of Discover Financial Services, and neither it nor
4  Morgan Stanley is alleged to individually have engaged in the challenged conduct.
5  Walker Complaint, ¶¶ 143, 146.  Morgan Stanley is improperly joined in Walker and
6  a motion to dismiss it currently is pending.  RJN, Ex. E.

### C. The Similarity Of Issues Supports A Stay.

"The 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'" Inherent.com, 420 F. Supp. 2d at 1097; Peak v. Green Tree Fin. Servicing Corp., No. C 00-0953 SC, 2000 WL 973685, at *2 (N.D. Cal. Jul. 7, 2000); Adoma v. Univ. of Phoenix, Inc., ___ F. Supp. 2d ___, 2010 WL 1797263, at *5 (E.D. Cal. May 3, 2010) (citation omitted) (reasoning that second action's "additional FLSA theory does not necessarily prevent the application of the first-to-file rule" because court "could not arrive at the central question of the alternate theory without addressing the common factual issues implicated in both cases"); Jumapao v. Washington Mut. Bank, No. 06-CV-2285, 2007 WL 4258636, *1, 3 (S.D. Cal. Nov. 30, 2007) (finding putative class actions shared substantially similar issues where "both cases arise from [defendant's] failure to pay overtime and minimum wages to loan consultants, as well as its failure to comply with California record-keeping requirements," thus requiring similar determinations); Ward, 158 F.R.D. at 648-49.

As detailed above, both Walker and Conroy challenge DPP on substantially similar factual and legal grounds.  Both allege parallel factual issues: misrepresentations and omissions in connection with DPP's marketing and sale; pricing disclosures; disclosure of DPP's terms and conditions; and consent to enrollment.  Compare Conroy Complaint, ¶¶ 2-5, 8-10, 19-37, 40, 42-44, 47, 49, 50, 57, 65-69, 71, 80-83, 87, 88, with Walker Complaint, ¶¶ 4-14, 15, 17-24, 151, 158-164, 169-175, 182-187, 198-200, 215-219, 235-241, 247-250.  Both raise

LA 51308444

substantially similar legal issues -- whether DPP's disclosures and marketing are deceptive and fraudulent, violate the CLRA, UCL and TILA, and constitute unjust enrichment. The potential for conflicting rulings is especially sharp here because putative class members in both actions are parties to Discover Bank's card agreement, which governs DPP. The card agreement selects Delaware law to govern cardmembers' accounts, including with respect to DPP. Thus, courts presiding over the two actions each would make determinations regarding Discover's liability for the same challenged conduct under Delaware law. Additionally, the actions seek overlapping relief. Conroy and Walker seek to enjoin DPP's sales and marketing practices, require different disclosures, require Discover to disgorge sums collected from DPP and require Discover to pay restitution and/or damages to class members. Compare Conroy Complaint, ¶¶ 71, 72, 84, 85, 92, prayer for relief, with Walker Complaint, ¶¶ 164, 188, 189, 206, 229, 234, prayer for relief. Moreover, both Complaints seek this relief pursuant to the same statutes, the CLRA and UCL, and as a remedy for unjust enrichment.

## IV. CONCLUSION

For the foregoing reasons, Discover respectfully requests that the Court grant the Motion and stay this action pending Walker's outcome.

Dated: September 20, 2010

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
SCOTT M. PEARSON
ALEXANDRIA KACHADOORIAN

By: _____*/s/ Scott M. Pearson*_____
Scott M. Pearson

Attorneys for Defendants
  DISCOVER FINANCIAL SERVICES
  and DISCOVER BANK

-9-

LA 51308444